Johnston, Judge.
There being no laws in force in this state regulating proceedings on a warrant of distress for rent, I am of opinion that the judgment of the county court be reversed.
Taylor, Judge.
I am not informed of any general usage in this state, which hath heretofore amounted to an adoption of the common and statute laws of England relative to distresses. They were anciently in the nature of pledges, which the distrainer had no power to sell, and the authority for that purpose is given by the statute of Will, and Mary, ch. 5. which is certainly not in force here. This warrant directs a sale after the expiration of five days, unless the chattels are replevied, thereby conforming to the provisions of the statute, which have no operation in this state. The process is in the first instance erroneous. But if this mode of proceeding had ever been sanctioned by custom before the revolu *24 tion, it is utterly irreconcileable to the spirit of our free republican government. Justice does not make a distinction in favour of a creditor whole debt arises from the lease of land, rather than that of him who has hired a chattel: it does not require that the former should be entitled to a process in rem, when the latter can only proceed in personam, but both should ascertain their demand by the verdict of the Jury, allowing to the debtor an opportunity of contesting it, before his property is seized upon. The legislature has provided for these cases when it is expedient that property should be taken in the first instance, and their refusal to pass a law authorizing distresses, has been upon the ground that it is unconstitutional, I am of opinion that the judgment should be reversed.
Macay, Judge.
No such remedy for the recovery of rent as is attempted to be used in the present case, is known in this state, and is contrary to the spirit of our laws and government, and cannot be supported.
Judgment reversed.